ORIGINAL

# In the United States Court of Federal Claims

No. 15-705C
(Filed: December 30, 2015)

FILED
DEC 3 0 2015
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * * * *
* 
YVONNE MURPHY HICKMAN, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
* * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss for lack of subject-matter jurisdiction. For the reasons stated below, Defendant's motion to dismiss is **GRANTED**.

### Background

Plaintiff is a former resident of Glynn County, Georgia, and a current resident of Anne Arundel County, Maryland. Compl. ¶ 2. On August 23, 2012, Plaintiff wrote a letter to the Criminal Division of the Department of Justice, alleging misconduct by United States District Court judges in the Southern and Middle Districts of Georgia. Id. at ¶ 3, Ex. A. In its September 6, 2012 response to Plaintiff's letter, the Criminal Division instructed Plaintiff to file any judicial misconduct complaint with the clerk of the court of appeals in the appropriate circuit and to contact the Federal Bureau of Investigation for allegations of criminal activity. Compl. Ex. A.[1]

Plaintiff suggests that the Criminal Division's September 6, 2012 response to her letter served as a notice that the Department of Justice had begun "an inquiry of judicial misconduct

---

[1] Plaintiff also requested that the Director of the Administrative Office of United States Courts ("AO") inquire into alleged corruption, collusion and misrepresentation by federal judges "as state actors for Glynn County Georgia." Compl. ¶ 4. Plaintiff alleges that, after contacting the Director of the AO, the United States "refused to investigate fraud on the courts." Id.

among the Fourth and Eleventh Circuits" and had commenced an FBI investigation into potential criminal misconduct. Compl. ¶¶ 11, 13. Plaintiff alleges that "the FBI refused to investigate corruption and criminal activities in the U.S. federal court," that "chief judges as well as U.S. Attorneys within the southern district have rendered Title 18 USC § 242[2] unenforceable," and that "Defendant knew that complaints under USC § 352[3] were suppressed by federal judges." Id. at ¶¶ 5, 11. Plaintiff alleges that Defendant violated "numerous articles" of the United Nations Universal Declaration of Human Rights. Id. at ¶ 7. She also alleges that "federal judges have ignored evidence . . . twisted rules and procedures, obstructed justice, misrepresented the record, retaliated against Yvonne Hickman and dismissed her valid federal lawsuits." Id. at ¶ 8.

Plaintiff demands judgment in the amount of $200,000,000 against the United States "for the deliberate manipulation of the U.S. Constitution, involving due process and equal protection under the law by U.S. federal judges and associated federal court clerks." Id. at ¶ 13.

## Discussion

### Subject-Matter Jurisdiction

Before the Court may proceed to the merits of any action, the plaintiff must first establish subject-matter jurisdiction. See Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the plaintiff. Pennington Seed Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006). Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Although pro se litigants are held to "less stringent standards than . . . lawyers," they still bear the burden of establishing the Court's jurisdiction. Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); see also Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The United States is immune from suit, save by consent; this waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). The waiver of immunity by the United States must be "strictly construed . . . in favor of the sovereign." Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999).

The Tucker Act provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract

---

[2] Section 242 of Title 18 of the United States Code is a provision of the criminal code that penalizes state actors for depriving any person of his rights under color of law.

[3] Section 352 of Title 28 of the United States Code sets out the procedures under which the chief judge of a circuit reviews complaints against judges.

> with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act does not create a substantive right for money damages against the United States, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). A plaintiff must show that he or she is entitled to money damages from an additional source of substantive law. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). The substantive right to money damages must extend from the Constitutional provision, statute, or regulation giving rise to the claim. See United States v. Mitchell, 463 U.S. 206, 216-17 (1983) ("[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" (quoting Testan, 424 U.S. at 400)).

**Plaintiff's Claims**

The gravamen of Plaintiff's complaint is her allegation of judicial misconduct. Plaintiff alleges a barrage of complaints against federal judges' handling of her cases, including ignoring evidence, "twist[ing] rules and procedures," obstructing justice, misrepresenting the record, retaliating against her, and dismissing her federal lawsuits. See Compl. ¶ 8. The statute governing complaints against judges, 28 U.S.C. § 351, permits "any person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts" to "file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct." 28 U.S.C. § 351 (2012). This Court, a trial court, not a court of appeals, lacks subject-matter jurisdiction over Plaintiff's claims of judicial misconduct. Cox v. United States, 105 Fed. Cl. 213, 219 (2012) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n. 1 (1984)).

Plaintiff further alleges that "the FBI refused to investigate corruption and criminal activities in the U.S. federal court," and that chief judges as well as United States Attorneys in the southern district have rendered unenforceable 18 U.S.C. § 242, a criminal statute penalizing conspiracies to interfere with civil rights. Compl. ¶ 11. However, this Court lacks jurisdiction over criminal claims. Cooper v. United States, 104 Fed. Cl. 306, 312 (2012).

Plaintiff also alleges due process violations and conspiracy claims, stating:

> Plaintiff is injured and deprived of her right to due process under the Fourteenth Amendment. Conspiracies under 28 USC § 1343 (a) (1) through (4) and 42 USC § 1985 (3) provides relief for recovery of damages occasioned by such injury and deprivations.

Compl. ¶ 3. This Court lacks jurisdiction over due process claims arising under the Fourteenth Amendment. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that "alleg[ed] violations of [plaintiff's] rights under the Due Process Clauses of the Fifth and Fourteenth Amendments, [and] the Equal Protection Clause of the Fourteenth Amendment" are not "a sufficient basis for jurisdiction because they do not mandate payment of money by the Government"); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (holding that the Due Process and Equal Protection Clauses of the Fifth Amendment do not obligate the

3

United States to pay money damages, and do not trigger Tucker Act jurisdiction in the courts); Cox, 105 Fed. Cl. at 217 (recognizing that the Due Process Clause is not money-mandating, and does not provide a basis for jurisdiction in this Court).

Plaintiff's general assertion that she was denied due process of law "in the illegal and unconstitutional termination of her civil rights by federal judges under the color of law as state actors" similarly cannot be addressed in this Court. Compl. ¶ 7; see Kortlander v. United States, 107 Fed. Cl. 357, 369 (2012) ("The United States Court of Federal Claims, however, lacks jurisdiction to hear claims alleging deprivation of civil rights under color of law."). Jurisdiction over civil rights claims resides in the federal district courts, not in the Court of Federal Claims. See, e.g., Terry v. United States, 103 Fed. Cl. 645, 656 (2012); Del Rio v. United States, 87 Fed. Cl. 536, 540 (2009).

Plaintiff alleges that Defendant has "violated numerous articles" of the Universal Declaration of Human Rights, but this Court lacks jurisdiction to hear claims arising under the Universal Declaration of Human Rights. Unless otherwise provided by statute, this Court does "not have jurisdiction of any claim against the United States growing out of or depending upon any treaty entered into with foreign nations." 28 U.S.C. § 1502; El v. United States, 122 Fed. Cl. 707, 709-10 (2015).

Plaintiff further alleges that Defendant "refused to regulate judicial powers under the authority of the Judicial Conference of the United States," and failed to prevent fraud within the judiciary. Compl. ¶ 6. Defendant argues that this language "suggests an intentional tort," and argues that this Court lacks jurisdiction to consider tort claims against the Government. Def.'s Mot. 5 (citing Berdick v. United States, 612 F. 3d 533, 536 (Ct. Cl. 1979)). To the extent Plaintiff alleges a tort claim, this Court lacks jurisdiction. Garrett v. United States, 15 Cl. Ct. 204, 208 (1988) (relying on Garner v. United States, 230 Ct. Cl. 941, 943 (1982)). The Tucker Act expressly limits this Court's jurisdiction to claims for damages "not sounding in tort." 28 U.S.C. § 1491(a)(1); see Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort.") (citing 28 U.S.C. § 1491(a)(1)). Specifically, "[t]he court does not have jurisdiction over claims that defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties." Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998).

### Conclusion

Defendant's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**. All other pending motions are dismissed as moot. The Clerk of Court is directed to dismiss this action without prejudice.

*Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge

4